TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Neil Berger
Jared C. Borriello

*Attorneys for*
*the Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

| | |
|---|---|
| In re: | |
| CHOWAIKI & CO. FINE ART LTD., | Chapter 7 |
| Debtor. | Case No. 17-13228 (MKV) |

------------------------------------------------------------------ x

| | |
|---|---|
| ALBERT TOGUT, Not Individually But Solely In His Capacity as Chapter 7 Trustee of the Estate of Chowaiki & Co. Fine Art Ltd., | |
| Plaintiff, | |
| v. | Adv. Pro. No. 19-_____ (MKV) |
| BENJAMIN ARYEH, and RAFAEL GALLERY, INC., | |
| Defendants. | |

------------------------------------------------------------------ x

## COMPLAINT TO AVOID AND RECOVER TRANSFERS

Albert Togut, not individually but solely in his capacity as Chapter 7 Trustee ("Plaintiff" or the "Trustee") of the estate of the above-captioned debtor Chowaiki & Co. Fine Art Ltd. (the "Debtor"), by his attorneys, Togut, Segal & Segal LLP, hereby submits this complaint (the "Complaint") against Benjamin Aryeh ("Aryeh") and Rafael Gallery, Inc. ("Rafael Gallery", and together with Aryeh, the "Defendants") to avoid and recover transfers that were made by the Debtor to, or for

the benefit of, the Defendants, and alleges the following facts and claims upon information and belief based on the documents and information presently available to the Trustee:

## SUMMARY OF THE ACTION

1. The Trustee seeks a money judgment relating to certain avoidable transfers identified on **Exhibit A** attached hereto that were made by the Debtor to, or for the benefit of, the Defendants during the two (2) year period preceding the commencement of the Debtor's bankruptcy case.

2. The Trustee seeks entry of a judgment: (a) avoiding and directing the return of the transfers identified in Exhibit A annexed hereto, plus interest and costs; and (b) disallowing any claims filed by the Defendants in the Debtor's bankruptcy case unless and until the challenged transfers are repaid to the Trustee.

3. To the extent that either of the Defendants have filed a proof of claim, or has otherwise requested payment from the Debtor's estate (collectively, the "Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of the Trustee's right to object to the Claims for any reason including, but not limited to, section 502 of the Bankruptcy Code, and such rights are expressly reserved.

## THE PARTIES

4. Plaintiff is the Chapter 7 trustee of the Debtor.

5. The Debtor is a New York corporation which, prior to the Petition Date (defined below), operated an art gallery (the "Gallery") at premises located at 500 Park Avenue, Unit 16C, New York, New York (the "Premises").

6. Aryeh is an individual residing in the State of New York

7. Rafael Gallery is a New York corporation with a place of business at 1020 Madison Avenue, New York, New York 10075.

## JURISDICTION AND VENUE

8. The United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court" or the "Court") has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the United States District Court for the Southern District of New York's Amended Standing Order of Reference, M-431 dated January 31, 2012, which refers such proceedings to the Bankruptcy Court.

9. This action is commenced pursuant to sections 105(a), 502(d), 544, 547, 548, 550, and 551 of title 11 of the United States Code (the "Bankruptcy Code"); Rules 3007, 6009 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and New York Debtor & Creditor Law §§ 270, *et seq.* (the "NYDCL").

10. This adversary proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(1) and 157(b)(2)(A), (B), (H), (O), such that this Court has jurisdiction to hear and to determine this proceeding and to enter a final order and judgment. In the event that this Court or any other appropriate Court finds any part of this adversary proceeding to be "non-core," this Court has non-core concurrent jurisdiction over this proceeding under 28 U.S.C. § 1334 because such causes of action relate to the Debtor's bankruptcy case and will have a significant impact on the Debtor's estate (the "Estate").

11. Plaintiff consents to the entry of final orders and judgments by this Court in this adversary proceeding pursuant to Bankruptcy Rule 7008. Plaintiff also consents to the entry of final orders or judgments by this Court if it is determined that this Court, absent consent of the parties, cannot enter final orders on judgments consistent with Article III of the United States Constitution.

12. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409 because this adversary proceeding arises in and is related to the Debtor's bankruptcy case pending in the Bankruptcy Court.

**FACTUAL ALLEGATIONS**

A. **The Debtor's Bankruptcy Case**

13. On November 13, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court.

14. On November 14, 2017, Albert Togut was appointed Chapter 7 interim trustee of the Debtor; he duly qualified and is acting as Trustee of the Debtor and the Estate.

B. **The Debtor Was Insolvent, Had an Unreasonably Small Capital Base, and Incurred and Intended to Incur Debts Beyond Debtor's Ability to Repay During the Relevant Time Period**

15. The Debtor was insolvent no later than December 31, 2013, and remained insolvent at all relevant times thereafter, based on any measurement of insolvency, or a balance sheet, capitalization, or cash flow basis.

16. The Debtor conducted its business with insufficient capital no later than December 31, 2013, and remained insufficiently capitalized at all relevant times thereafter, based on any measurement of capitalization, or a balance sheet or cash flow basis.

17. The Debtor has incurred, was intending to incur, or believed that it would incur debts beyond its ability to pay as such debts matured beginning no later than December 31, 2013.

18. The Debtor reflected the following balances in its tax returns for the years 2013 through 2016:

4

| Year | Sales | Net Income | Assets | Liabilities | Shareholders' Equity |
|---|---|---|---|---|---|
| 2013 | $11,721,830 | ($11,105) | $6,914,238 | $14,653,562 | ($9,611,324) |
| 2014 | $9,070,395 | $673,512 | $3,139,950 | $12,453,313 | ($9,225,565) |
| 2015 | $35,240,034 | $3,139,950 | $7,694,550 | $14,429,711 | ($6,735,161) |
| 2016 | $15,659,563 | ($1,428,279) | $11,437,212 | $20,291,535 | ($8,654,323) |

19. The Debtor's own tax returns demonstrate that the Debtor had negative shareholders' equity for the years 2013, 2014, 2015, and 2016.

20. Additionally, the values contained in the Debtor's tax returns were not adjusted, which, if done, would have resulted in significantly reduced asset values and shareholder equity.

21. Additional facts support the conclusion that the Debtor was insolvent and/or insufficiently capitalized during the periods relevant to this Complaint:

   a. The Debtor failed to pay various creditors on a timely basis during the period December 31, 2013 through the Petition Date; and

   b. The Debtor had negative cash flow, and could not meet its obligations as they came due during the period December 31, 2013 through the Petition Date.

**C.    The Pre-Petition Transfers by the Debtor**

22. During the two (2) years preceding the Petition Date, the Debtor made one or more transfers to, or for the benefit of, the Defendants (the "Transfers"), on the dates and in the amounts set forth in the schedule which is attached hereto as **Exhibit A** and which is incorporated by reference herein.

23. The Debtor's books and records reflect that Aryeh made loans to the Debtor (the "<u>Aryeh Loans</u>"), and that Debtor made payments to Rafael Gallery.

24. The Transfers were comprised of payments to Rafael Gallery on account of the Aryeh Loans.

25. The Debtor had no legal or contractual obligation to make such payments to Rafael Gallery.

26. The interest rate included in each of the Aryeh Loans exceeded 110% per annum.

27. This action is brought to avoid and recover the Transfers, so that this property can be distributed to the Debtor's true creditors.

28. The Debtor received less than fair consideration and less than a reasonably equivalent value in exchange for the Transfers.

29. Because the Debtor failed to receive fair consideration and less than a reasonably equivalent value in exchange for the Transfers, the Estate has been damaged in a sum to be determined at trial, but no less than the total amount of the Transfers.

30. The Debtor had creditors holding unsecured claims at the time the Transfers were made to, or for the benefit of, the Defendants that continued to be creditors of the Debtor as of the Petition Date.

31. The Defendants have failed to turn over any part of the Transfers to the Trustee, despite written demand by Plaintiff to the Defendants to do so.

32. The Trustee's investigation is ongoing, and consequently, the Trustee reserves the right to (i) supplement the information regarding the Transfers and any additional transfers and (ii) seek recovery of such additional transfers.

33. To the extent that any of the following claims for recovery of the Transfers may be inconsistent with each other, the Trustee respectfully requests that they be treated as being plead in the alternative.

## COUNT I

### AVOIDANCE AND RECOVERY OF CONSTRUCTIVELY FRAUDULENT TRANSFERS

**(11 U.S.C. §§ 105(a), 502(d), 548(a)(1)(A), 550(a), and 551)**

34. The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully written herein.

35. Each of the Transfers was made on or within two (2) years before the Petition Date.

36. Each of the Transfers constituted a transfer of an interest of the Debtor within the meaning of sections 101(54) and 548(a) of the Bankruptcy Code.

37. The Transfers were to, or for the benefit of, the Defendants.

38. The Debtor received less than a reasonably equivalent value in exchange for the Transfers.

39. Based on the Debtor's books and records, at the time of each of the Transfers, the Debtor was insolvent, or became insolvent as a result of the Transfers.

40. Based on the Debtor's books and records, at the time of each of the Transfers, the Debtor was engaged in a business or a transaction for which any property remaining with the Debtor was an unreasonably small capital.

41. Based on the Debtor's books and records, at the time of each of the Transfers, the Debtor intended or incur, or believed that it would incur, debts that would be beyond the Debtor's ability to pay such debts matured.

42. By reason of the foregoing, each of the Transfers constitutes a fraudulent transfer avoidable by the Trustee under section 548(a)(1)(A) of the Bankruptcy Code, and recoverable from the Defendants under section 550(a) of the Bankruptcy Code.

43. The Defendants were the initial and/or immediate or mediate transferee or beneficiary of the Transfers.

44. Pursuant to sections 105(a), 502(d), 548(a)(1)(A), 550(a), and 551 of the Bankruptcy Code, the Trustee is entitled to a judgment against the Defendants: (i) avoiding the Transfers; (ii) recovering the Transfers from the Defendants for the benefit of the Estate; (iii) disallowing any claim that the Defendants may have against the Debtor until such time as the Transfers are repaid to the Trustee; (iv) awarding attorneys' fees and costs from the Defendants; and (v) awarding any other relief the Court deems just and proper.

## COUNT II

**AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS**

**(NYDCL §§ 273 and 278 and/or 279, and
11 U.S.C. §§ 105(a), 502(d), 544, 550(a), and 551)**

45. The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully written herein.

46. The Debtor did not receive fair consideration for the Transfers.

47. The Debtor was insolvent at the time it made each of the Transfers or, in the alternative, the Debtor became insolvent as a result of each of the Transfers.

48. Pursuant sections 273, 278 and/or 279 of the NYDCL, and sections 105(a), 502(d), 544, 550(a), and 551 of the Bankruptcy Code, the Trustee is entitled to a judgment against the Defendants: (i) avoiding the Transfers; (ii) recovering the

8

Transfers from the Defendants for the benefit of the Estate; (iii) disallowing any claim that the Defendants may have against the Debtor until such time as the Transfers are repaid to the Trustee; (iv) awarding attorneys' fees and costs from the Defendants; and (v) awarding any other relief the Court deems just and proper.

## COUNT III

### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS

**(NYDCL §§ 274, 278 and/or 279, and
11 U.S.C. §§ 105(a), 502(d), 544, 550(a), and 551)**

49. The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully written herein.

50. The Debtor did not receive fair consideration for the Transfers.

51. At the time that the Debtor made each of the Transfers, the Debtor was (a) insolvent and/or (b) engaged or was about to engage in a business or transaction for which the property remaining in its hands after each of the Transfers was an unreasonably small capital.

52. Pursuant to sections 274, 278 and/or 279 of the NYDCL, and sections 105(a), 502(d), 544, 550(a), and 551 of the Bankruptcy Code, the Trustee is entitled to a judgment against the Defendants: (i) avoiding the Transfers; (ii) recovering the Transfers from the Defendants for the benefit of the Estate; (iii) disallowing any claim that the Defendants may have against the Debtor until such time as the Transfers are repaid to the Trustee; (iv) awarding attorneys' fees and costs from the Defendants; and (v) awarding any other relief the Court deems just and proper.

## COUNT IV

### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS

**(NYDCL §§ 275, 278 and/or 279, and
11 U.S.C. §§ 105(a), 502(d), 544, 550(a), and 551)**

53. The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully written herein.

54. At the time that the Debtor made each of the Transfers, the Debtor had incurred, was intending to incur, or believed that it would incur debts beyond its ability to pay them as the debts matured.

55. Pursuant to sections 275, 278 and/or 279 of the NYDCL, and sections 105(a), 502(d), 544, 550(a), and 551 of the Bankruptcy Code, the Trustee is entitled to a judgment against the Defendants: (i) avoiding the Transfers; (ii) recovering the Transfers from the Defendants for the benefit of the Estate; (iii) disallowing any claim that the Defendants may have against the Debtor until such time as the Transfers are repaid to the Trustee; (iv) awarding attorneys' fees and costs from the Defendants; and (v) awarding any other relief the Court deems just and proper.

### RESERVATION OF RIGHTS

56. Plaintiff repeats and re-alleges the allegations contained in the previous paragraphs of the Complaint as though fully set forth herein.

57. The Trustee does not waive and instead specifically reserves all of his rights, claims, and defenses as they pertain to the Debtor and to defend against any claims or liens that the Defendants may assert against the Estate. The Trustee expressly reserves the right to amend and supplement this Complaint or to commence a new action against the Defendants with other claims as his investigation continues.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Trustee respectfully requests that this Court enter judgment in favor of the Trustee and against the Defendants as follows:

(i) avoiding all of the Transfers made to the Defendants;

(ii) awarding pre-judgment interest at the maximum legal rate running from the date of the Plaintiff's first demand to return all Transfers to the date of judgment with respect to this Complaint (the "Judgment") herein;

(iii) directing the Defendants to pay to the Trustee the full amount of all of the Transfers that it received from the Debtor, plus interest from the date of such judgment;

(iv) disallowing any claim that the Defendants may have against the Debtor until such time as all of the Transfers are repaid to the Trustee;

(v) awarding attorneys' fees and costs from the Defendants; and

(vi) granting such other relief as the Court deems just and proper.

DATED: New York, New York
November 7, 2019

        ALBERT TOGUT, not individually but
        solely in his capacity as Chapter 7 Trustee,
        By his Attorneys,
        TOGUT, SEGAL & SEGAL LLP
        By:

        /s/ Albert Togut
        ALBERT TOGUT
        NEIL BERGER
        JARED C. BORRIELLO
        One Penn Plaza, Suite 3335
        New York, New York 10119
        (212) 594-5000